UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

ASHLAND INC.,
VALVOLINE INC., and
SPEEDWAY LLC

    Plaintiffs,

V.

SUPERASH REMAINDERMAN LIMITED
PARTNERSHIP,

    Defendant.

CIVIL ACTION NO. 5:25-CV-50-KKC

**OPINION & ORDER**

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the Plaintiffs' motions to remand, stay, and dismiss. (DEs 8, 9 17.) For the following reasons, this matter is remanded in part and stayed in part.

## I.    Factual Background

At its core, this case involves a dispute surrounding leases on twenty-four properties in five states (Minnesota, Ohio, Wisconsin, Kentucky, and South Dakota). Ashland Inc. ("Ashland"), the tenant, leased the properties from SuperAsh Remainderman, LP ("SuperAsh"). Beginning in 1998, Ashland subleased three of the properties located in Kentucky to Speedway, LLC ("Speedway"), which continues to operate gas stations and convenience stores on the properties. Prior to 2016, Valvoline Inc. ("Valvoline") and Ashland were part of one company. That company separated in 2016, but Ashland and Valvoline entered an agreement which transferred certain rights and obligations to Valvoline.

The parties' dealings were harmonious until a dispute over lease renewals began in 2021. It is undisputed that, under the terms of the leases, Ashland failed to provide timely notice to renew. As a result, SuperAsh sought to terminate the leases. Ashland, however,

1

took the position that (1) its deviation from the renewal terms was immaterial, (2) SuperAsh suffered no prejudice from its untimely notice, and (3) SuperAsh's acceptance of rent waived its right to terminate the leases.

Sometime in early 2022, Ashland filed an action in the Court of Common Pleas of Franklin County, Ohio ("the Ohio Litigation"). In the Ohio Litigation, Ashland sought a declaration that its untimely 2021 notice was effective to renew its leases as to all twenty-four properties through 2022, including the properties in Kentucky. The Court of Common Pleas granted judgment in Ashland's favor and ruled that SuperAsh could not terminate the leases. SuperAsh appealed that judgment, and the Ohio Court of Appeals affirmed. SuperAsh appealed again, and the Ohio Litigation is now pending before the Ohio Supreme Court.

While the Ohio Litigation was still pending in the Court of Common Pleas, SuperAsh filed forcible detainer complaints in Kentucky District Courts in the three counties containing the properties at issue in this case ("the Kentucky Litigation"). Each of the Kentucky District Courts entered judgment in Ashland's favor, reasoning in part that Ashland was entitled to equitable relief because any deviation was immaterial. SuperAsh appealed all three decisions to their respective Kentucky Circuit Courts. All three Kentucky Circuit Courts affirmed. SuperAsh then appealed to the Kentucky Court of Appeals.

The Kentucky Court of Appeals reversed and remanded the cases. The panel concluded that the Kentucky District Courts exceeded their jurisdiction by considering and adjudicating Ashland's equitable defenses. According to the Court of Appeals, district courts in Kentucky are without jurisdiction to grant equitable relief. As such, the panel instructed that the appropriate course of action for Ashland to assert its equitable defenses was to seek a declaration of rights in a Kentucky circuit court. Ashland appealed the Court of Appeal's order to the Kentucky Supreme Court, which has not yet decided whether to grant discretionary review.

2

Ashland, Valvoline, and Speedway ("the Plaintiffs") then filed this action in the Circuit Court of Fayette County, Kentucky, seeking a declaration that they are entitled to equitable relief with respect to the pending forcible detainer actions.[1] SuperAsh timely removed the case to this Court—invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. The Plaintiffs subsequently filed motions to remand and stay. (DEs 8, 9.) SuperAsh then simultaneously filed responses to those motions and an answer and counterclaim. In its counterclaim, SuperAsh claims that Ashland and Speedway are trespassing on its property and that Ashland is liable for unpaid rent. SuperAsh seeks money damages for both claims.

## II.    Analysis

The Court will begin by considering Ashland's motion to remand. (DE 8.) Ashland cites well-established abstention doctrines to support its remand request. For the following reasons, the Court finds that abstention is appropriate and will remand the equitable claims at issue in this case. Bound by precedent, however, the Court will stay the damages claims.

The Court finds the abstention doctrine first articulated in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), applicable to this case. Under *Burford*, abstention is appropriate where the action involves "difficult questions of state law bearing on policy problems of substantial public import," or where the exercise of federal review "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *William Powell Co. v. Nat'l Indem. Co.*, 18 F.4th 856, 865 (6th Cir. 2021) (cleaned up). In deciding whether *Burford* applies, courts are to "balance the state and federal interests at stake." *Id.*

---

[1] The Plaintiffs' complaint also includes claims for injunctive relief and specific performance, both of which are equitable remedies. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982) ("an injunction is an equitable remedy,"); *Westlake Vinyls, Inc. v. Goodrich Corp.*, 523 F. Supp. 2d 577, 583 (W.D. Ky. 2007) ("[s]pecific performance is an equitable remedy[.]").

States have a strong interest in establishing a coherent policy with respect to "essentially [ ] local problem[s]." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996). Federal courts across the country have uniformly held that forcible detainer actions implicate local problems, and states evince an interest in establishing a coherent policy with respect to those actions when they provide for specialized, statutory proceedings. *See, e.g., Homesales Inc., Delaware v. Greene*, No. CV 10-3024-CL, 2010 WL 1630469 (D. Or. Mar. 25, 2010) (district court abstained in a detainer action where a state statutory process provided for such suits to be concentrated in Oregon circuit courts; *CPG Fin. I, L.L.C. v. Shopro, Inc.*, No. 06-3015-CV-S-RED, 2006 WL 744275, at *4 (W.D. Mo. Mar. 22, 2006) (noting that "principles of comity, federalism and judicial economy," supported remand where Missouri statute provided for summary proceeding for landlord/tenant disputes); *Glen 6 Assocs. v. Dedaj*, 770 F. Supp. 225, 228-29 (S.D.N.Y. 1991) (noting that New York's legislature had "developed a system of administering its law governing possession of real estate," and holding therefore that accepting removal to federal court would "not only overburden the federal system but [would] also completely emasculate the state structure for dealing with such disputes.").

In Kentucky, forcible detainer actions are "summary proceedings," created by Kentucky state law. *SuperAsh Remainderman, LP v. Ashland, LLC*, No. 2023-CA-0427-DG, 2024 WL 4521291, at *4 (Ky. Ct. App. Oct. 18, 2024). The Kentucky legislature has concentrated forcible detainer suits in Kentucky's district courts. *Id.* Kentucky therefore has a strong interest in establishing a coherent policy with respect to this essentially local problem. This favors federal avoidance.

In its response, SuperAsh argues that the present action is not itself "a forcible detainer proceeding," and thus Kentucky's interest in developing a coherent policy for its specialized summary process is not implicated. (DE 14 at 8–9.) SuperAsh is correct that this action is not a forcible detainer case, but it adopts a much too narrow perspective of the reality

4

of these proceedings. Viewed properly, this case and the forcible detainer actions still pending in the Kentucky courts are interconnected halves of the same whole. SuperAsh partially acknowledges this reality, conceding that "it's true that the outcome of this case may have some bearing on the outcome of the underlying eviction cases," but maintains its position that Kentucky's interests are not implicated here. (*Id.* at 8.) Even SuperAsh's concession fails, however, to fully recognize the interconnected nature of the cases. If, for example, the Court proceeded with this case and rendered a disposition before the Kentucky Litigation concluded, the Kentucky Litigation may be moot, or some form of preclusion may attach. Given the interconnected nature of this case and the Kentucky Litigation, the Court's conclusion remains that Kentucky has a strong interest in establishing a coherent policy with respect to this essentially local problem.

Moreover, states have a strong interest in deciding unsettled, difficult questions of state law, especially where those questions bear on an issue that is entirely local. Here, the unsettled nature of Kentucky's forcible detainer law makes abstention all the more appropriate. For example, the Kentucky Court of Appeals held that "equitable defenses are not generally available in forcible detainer proceedings[.]" *SuperAsh Remainderman, LP*, 2024 WL 4521291, at *10. This conflicts, however, with long-standing Kentucky precedent holding that "in a forcible detainer proceeding all defenses both legal and equitable may be made." *Paducah Home Oil v. Paxton*, 2 S.W.2d 650, 651 (Ky. 1928). If the Court here were to exercise jurisdiction over Ashland's claims for relief, it would be left with the difficult task of reconciling these holdings (and others). It may well be that this Court could only forecast what Kentucky courts would do in this matter rather than definitively state what the law is. The issues, therefore, are better left to the Kentucky courts.

Notwithstanding Kentucky's strong interests, the Court must balance those interests against any federal interests present here. Existing in every case properly before a federal

court is a strong federal interest in exercising jurisdiction. *William Powell Co.*, 18 F.4th at 865. Lessor/lessee disputes concerning the renewal leases, however, do not implicate, in any way, federal rights or interests. The federal interest in retaining this suit is therefore minimal, and the Court finds the balance of interests tip in Kentucky's favor here. As such, the Court abstains under *Burford*.

Having determined that *Burford* abstention applies, the question becomes what form of relief is appropriate. Ashland argues that the entire case should be remanded to the Fayette Circuit Court. SuperAsh argues that the entire case may only be stayed because it has asserted a claim for damages in its counterclaim. For the following reasons, the Court will remand the equitable claims in this case but stay SuperAsh's damages claims.

The United States Supreme Court made clear in *Quackenbush* that *Burford* abstention can be applied to both equitable and legal claims. 517 U.S. at 730–31. The Court clarified, however, that courts may only remand a case where the relief sought is equitable. *Id.* at 731. For a damages action, the Court explained that courts may only stay the case under *Burford*. *Id*. SuperAsh requests this Court to extend that rule one large step further— arguing that a district court must stay, rather than remand, all claims (whether equitable or legal) in a case where any portion of the litigation consists of legal claims. Citing no precedent to support its extension of *Quackenbush*, the Court declines SuperAsh's request.

In *Quackenbush*, the Supreme Court did not answer the question of what a district court is to do when abstention applies in a case involving mixed forms of relief. The Court finds persuasive the course of action taken by the district court in *Fire-Dex, LLC v. Admiral Insurance Co.* when it was faced with a mixed-relief case. No. 1:23-CV-1612, 2024 WL 3744573 (N.D. Ohio Aug. 9, 2024). In *Fire-Dex*, the plaintiff filed a complaint in an Ohio state trial court, seeking a declaratory judgment regarding certain rights the plaintiff claimed it

held under a contract with the defendant. *Id.* at 3. The plaintiff's complaint also included one count for breach of contract and one count for bad faith. *Id.* The defendant removed the case to federal court, and the plaintiff moved to remand on abstention grounds. *Id.* at 4.

The parties in *Fire-Dex* disputed what relief was appropriate if the district court abstained. The defendant cited a litany of authorities, some controlling but most merely persuasive, which it argued stood for the proposition that a district court lacks the authority to sever and remand declaratory claims. *Id.* at *10. After reviewing those authorities extensively, the court determined that none of them prevented it from severing the claims. *Id.* at *13. Accordingly, relying on its inherent power to control its docket, the court remanded the plaintiff's declaratory judgment claims (and the defendant's declaratory judgment counterclaims) and stayed the plaintiff's breach of contract and bad faith claims. *Id.*

Adopting the district court's rationale in *Fire-Dex*, the Court will remand the Plaintiffs' claims (which are all equitable claims) to the Fayette Circuit Court and stay SuperAsh's claims for damages. This result is not only consistent with *Quackenbush* and in the best interests of judicial economy and comity, but it also prevents creating an exception in abstention cases that would risk swallowing the rule. Under the approach SuperAsh would have the Court adopt, defendants in purely equitable cases could defeat a motion to dismiss or remand on abstention grounds by simply asserting a counterclaim for damages. In such scenarios, SuperAsh contends courts should only be able to stay. The Court fears such a rule would invite less than good faith counterclaims for damages. Moreover, and more importantly, controlling precedents do not restrict the Court's hand as SuperAsh argues.

## III. Conclusion

For the foregoing reasons, it is hereby ORDERED that

(1) The Plaintiffs' motion to remand (DE 8) is GRANTED in part and DENIED in part as follows:

    a.  The Plaintiffs' claims are REMANDED to the Circuit Court of Fayette County, Kentucky;

    b.  SuperAsh's counterclaims are STAYED pending the Kentucky Supreme Court's decision to grant or deny discretionary review in the Kentucky Litigation; and

    c.  The parties SHALL notify the Court of the Kentucky Supreme Court's decision forthwith, and the status of the stay at that time will be addressed by further Court order(s);

(2) The Plaintiffs' motion to stay (DE 9) is DENIED as moot; and

(3) The Plaintiff's motion to dismiss (DE 17) is DENIED with leave to refile within twenty-one (21) days after the stay on SuperAsh's counterclaims is lifted, if necessary.

This 21st day of May, 2025.



Signed By:
Karen K. Caldwell
United States District Judge